**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GAIL ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 10 C 5006 |
| v. | ) |
| | ) |
| JEWEL FOOD STORES, INC., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

On August 10, 2010, Plaintiff Gail Anderson ("Anderson") filed a two-count Complaint against her former employer Jewel Food Stores, Inc. ("Jewel") alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* Before the Court is Jewel's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56(b). For the following reasons, the Court grants Jewel's summary judgment motion and dismisses this lawsuit in its entirety.

**BACKGROUND**

**I.      Northern District of Illinois Local Rule 56.1**

Northern District of Illinois Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). "The Rule is designed, in part, to aid the district court, 'which does not have the advantage of the parties' familiarity with the record and often cannot

afford to spend the time combing the record to locate the relevant information,' in determining whether a trial is necessary." *Delapaz v. Richardson,* 634 F.3d 895, 899 (7th Cir. 2011) (citation omitted). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). Also, Local Rule 56.1(b)(3)(C) requires the nonmoving party to present a separate statement of additional facts that requires the denial of summary judgment. *See Ciomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 643-44 (7th Cir. 2008).

The purpose of Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006) ("statement of material facts did [] not comply with Rule 56.1 as it failed to adequately cite the record and was filled with irrelevant information, legal arguments, and conjecture"). Moreover, the requirements for responses under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon,* 233 F.3d at 528. Meanwhile, it is well-established that "district courts are entitled to expect strict compliance with Local Rule 56.1." *Raymond v. Ameritech Corp.,* 442 F.3d 600, 604 (7th Cir. 2006); *see also Delapaz,* 634 F.3d at 899 ("the obligation set forth in Local Rule 56.1 'is not a mere formality.'") (citation omitted). With these standards in mind, the Court turns to the relevant facts of this case.

2

## II. Relevant Facts

Jewel is an Ohio Corporation that operates grocery stores and is registered to do business in Illinois. (R. 20, Def.'s Rule 56.1 Stmt. Facts ¶ 1.) Anderson, born in 1955, is an individual who resides in Oswego, Illinois and worked at several Jewel locations in Illinois at various times during a twenty-eight year time period. (*Id.* ¶¶ 2-4; R. 24, Pl.'s Rule 56.1 Stmt. Facts ¶ 1.) In May 2008, Jewel transferred Anderson to the Eola Jewel store in Aurora, Illinois to be the Bake Shop Manager. (Def.'s Stmt. Facts ¶ 7.)

Jewel maintains that it terminated Anderson's employment on June 4, 2008 because she violated Jewel's coding and food handling policies. (*Id.* ¶ 8.) To clarify, Jewel maintains detailed procedures for handling food products, including bakery items, and Jewel supervisors train employees on the policies and procedures for maintaining fresh products. (*Id.* ¶ 11.) Jewel's "Bakery Freshness Dating Procedures" specifically state: "Do not change the original product freshness date at anytime; Do not freeze fresh Bakery products." (*Id.* ¶ 12.) Relevant to this lawsuit, Jewel brownies remain frozen until they are ready to be put out for sale. (*Id.* ¶ 13; Pl's Stmt. Facts ¶ 5.) When the store is ready to use the brownies, bakery employees remove the brownies from the freezer to thaw, ice the brownies, and then cut them into packs labeling them with a three-day freshness code. (Def.'s Stmt. Facts ¶ 14.) If the brownies have not been sold at the end of three days, they must be discarded. (*Id.*) As a Bake Shop Manager, Anderson was responsible for knowing the bakery policies, implementing the policies, and training Jewel employees who worked for the Bake Shop about the policies. (*Id.* ¶ 15.)

The events leading to Jewel terminating Anderson's employment concern Jewel's "brownie break Monday" promotion. (*Id.* ¶ 17; Pl.'s Stmt. Facts ¶ 4.) Specifically, on Tuesday,

3

May 12, 2008, Eola Store Director Dave Negron discovered a considerable amount of leftover brownies in an aisle by the Bake Shop. (Def.'s Stmt. Facts ¶ 18.) Anderson was not working on that day, so when she returned to the store on Wednesday, May 13, 2008, Negron asked her why there were so many leftover brownies. (*Id*. ¶¶ 19, 20; Pl.'s Stmt. Facts ¶ 25.) The parties dispute that Anderson told a Bake Shop employee to put the leftover fresh brownies back in the freezer with a new code. (Def.'s Stmt. Facts ¶¶ 21, 22; Pl.'s Stmt. Facts ¶¶ 25, 26.) In any event, Anderson admitted that she refroze fresh brownies because she had been trained to do so. (Def.'s Stmt. Facts ¶¶ 24, 25.) Anderson also admitted that there is no Jewel policy or procedure suggesting that refreezing the brownies was an appropriate practice. (*Id.* ¶ 27.)

Thereafter, Negron reported the situation to Associate Relations Manager Rich Ray, who directed Loss Prevention Manager John Sulak to perform an investigation. (*Id*. ¶ 28.) Sulak met with Anderson and questioned her about her "brownie break Monday" practices. (*Id*. ¶ 33.) Anderson provided Sulak with a written statement explaining her practice, namely, "the remaining packages from the table [] could be made into trays and a 18 day code would be used to the tray (party tray) [and then] put in our cake freezer." (*Id*. ¶¶ 33, 34.) Jewel put Anderson on suspension during this investigation and while on suspension, Anderson met with Sulak two other times and they discussed her written statement. (*Id*. ¶¶ 38, 39, 40.) Sulak asked Anderson if she wanted to change anything about her statement and she said no. (*Id*. ¶¶ 39, 40.)

Sulak's investigation did not reveal any support for the claim that Anderson had been trained to refreeze product. (*Id*. ¶ 41.) Sulak concluded that Anderson took fresh brownies that had a three-day freshness code, put them in new packages, gave them a new code, and then put them back in the freezer. (*Id*. ¶ 42.) Sulak reported these findings to Associate Relations Manager

4

Ray after which Ray decided to terminate Anderson's employment for violating Jewel's coding and food handling policies. (*Id*.) On June 4, 2008, Negron told Anderson that she was being terminated for this violation. (*Id*. ¶¶ 43-46.)

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (quotation omitted).

**ANALYSIS**

**I.     ADA Claim**

In the present summary judgment motion, Jewel first argues that Anderson has not set forth evidence establishing that she is a disabled within the meaning of the ADA. The ADA prohibits employers from discriminating against qualified individuals on the basis of their disability. *See Lloyd v. Swifty Transp., Inc.,* 552 F.3d 594, 601 (7th Cir. 2009); 42 U.S.C. §

5

12112(a).  If a plaintiff is "not disabled within the meaning of the Act, she is not protected by its substantive anti-discrimination provisions." *Squibb v. Memorial Med. Ctr.,* 497 F.3d 775, 786 (7th Cir. 2007).  The ADA defines "disability" as "(a) a physical or mental impairment that substantially limits one or more of the major life activities of an individual; (b) a record of such an impairment; or (c) being regarded as having such an impairment." *Miller v. Illinois Dep't of Transp.*, 643 F.3d 190, 195 (7th Cir. 2011) (quoting 42 U.S.C. § 12102(2)).

In her response brief, Anderson does not address Jewel's arguments that she failed to present evidence establishing that she was disabled within the meaning of the ADA.  In fact, Anderson does not address her ADA claim in her response brief, but instead only argues that Jewel discriminated based on her age.  Because Anderson has not addressed her ADA claim in her response brief, she has abandoned this claim.  *See Steen v. Myers,* 486 F.3d 1017, 1020 (7th Cir. 2007) (absence of discussion amounts to abandonment of claims); *Wojtas v. Capital Guardian Trust Co.,* 477 F.3d 924, 926 (7th Cir. 2007) (failure to offer any opposition to argument constitutes waiver).  The Court therefore grants Jewel's motion for summary judgment as to Anderson's ADA claim, and thus turns to her arguments in support of her ADEA claim.

## II.     ADEA Claim

A plaintiff may establish an age discrimination claim under either the direct method or the indirect, burden-shifting method of proof as first articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).  *See Van Antwerp v. City of Peoria, Ill.,* 627 F.3d 295, 297 (7th Cir. 2010).  Here, Anderson seeks to establish her age discrimination claim under both methods of proof.

### A. Direct Method

"Under the direct method of proof, a plaintiff's claim survives summary judgment if she can demonstrate 'triable issues as to whether discrimination motivated the adverse employment action.'" *Kodish v. Oakbrook Terrace Fire Protection Dist.,* 604 F.3d 490, 501 (7th Cir. 2010) (quoting *Darchak v. City of Chicago Bd. of Educ.*, 580 F.3d 622, 631 (7th Cir. 2009)) (citation omitted); *see also Davis v. Time Warner Cable of Se. Wis., L.P.,* ___ F.3d ___ 2011 WL 2611303, at *6 (7th Cir. July 5, 2011). A plaintiff can establish a triable issue by using either direct or circumstantial evidence. *See Kodish,* 604 F.3d at 501; *Darchak,* 580 F.3d at 681. "The focus of the direct method of proof [] is not whether the evidence offered is itself 'direct' or 'circumstantial' but rather whether the evidence 'points directly' to a discriminatory reason for the employer's action." *Kodish,* 604 F.3d at 501; *see also Grisby v. LaHood,* 628 F.3d 354, 358 (7th Cir. 2010). "Direct evidence would be an admission by the decisionmaker that the adverse employment action was motivated by discriminatory animus." *Darchak,* 580 F.3d at 631; *see also Nagle v. Village of Calumet Park, Ill.,* 554 F.3d 1106, 1114 (7th Cir. 2009). Because such admissions are rare, plaintiffs often rely on circumstantial evidence of discrimination, including:

> (1) suspicious timing, ambiguous oral or written statements, or behavior toward or comments directed at other employees in the protected group; (2) evidence, whether or not rigorously statistical, that similarly situated employees outside the protected class received systematically better treatment; and (3) evidence that the employee was qualified for the job in question but was passed over in favor of a person outside the protected class and the employer's reason is a pretext for discrimination.

*Van Antwerp,* 627 F.3d at 298; *see also Troupe v. May Dep't Stores, Inc.*, 20 F.3d 734, 736 (7th Cir. 1994).

Anderson attempts to establish her age discrimination claim under the direct method of

proof by presenting circumstantial evidence of age discrimination based on similarly situated comparators. Construing the evidence and all reasonable inferences in Anderson's favor – as the Court is required to do at this procedural posture – she presents evidence that her younger predecessor, Tina Wilde, who held the same position at the same store under the same store manager, committed policy violations weeks before Anderson, yet Jewel did not investigate, discipline, or terminate Wilde's employment.[1] (Pl.'s Stmt. Facts ¶¶ 29-33, 37.) Wilde, who was 45-years-old at the time of Anderson's termination, was working at the Yorkville, Illinois Jewel store while Anderson was Bake Shop Manager at the Eola store. (*Id*. ¶ 37, Def.'s Stmt. Facts ¶ 61.) Although Anderson argues that Wilde violated the same policies, Anderson admitted at her deposition that the coding issues that Wilde allegedly violated had nothing to do with repackaging products and putting new codes on them. (Def.'s Stmt. Facts ¶ 59.)

Nevertheless, whether Wilde violated similar or different policies is of no moment because Anderson's evidence – viewed in her favor – does not point directly to a discriminatory reason for her termination. *See Van Antwerp,* 627 F.3d at 298 ("Whatever circumstantial evidence is offered, however, must 'point directly to a discriminatory reason for the employer's action.'") (citation omitted). To clarify, "[e]vidence offered under the direct method 'must allow a jury to infer more than pretext; it must itself show that the decisionmaker acted because of the prohibited animus.'" *Id.* (citation omitted). Thus, even if Anderson had established that Jewel

---

[1] Anderson also identifies Brian Booker, a Meat Department Manager at the Yorkville, Illinois Jewel store, and Sandy "last name unknown" at the Chef's Kitchen Department at the Galena, Illinois Jewel store as similarly situated employees, but provides no evidence detailing how these individuals may have fulfilled the similarly situated element. *See Naik v. Boehringer Ingelheim Pharm., Inc.,* 627 F.3d 596, 600 (7th Cir. 2010) ("Similarly situated employees must be 'directly comparable to the plaintiff in all material respects, which includes showing that the coworkers engaged in comparable rule or policy violations.'") (citation omitted).

8

treated the 45-year-old Wilde more favorably or even lied about firing her based on the coding and food handling policies, there is simply no evidence in the record that Jewel fired Anderson based on her age. *See id*. at 298-99. In fact, Anderson admits that outside of the fact that Jewel did not discipline Wilde, there are no other facts supporting her belief that the person who decided to terminate Anderson's employment did so because of her age. (Def.'s Stmt. Facts ¶ 52.) Therefore, Anderson has failed to show that there is a genuine dispute as to any material fact that Jewel terminated her employment because of her age. *See id.* at 298-99. Without a minimal showing that the real reason for her termination was her age, Anderson's direct claim fails. *See id.* at 299; *Runyon v. Applied Extrusion Tech., Inc.,* 619 F.3d 735, 741 (7th Cir. 2010) (plaintiff has "burden to show that age was the real reason for h[er] firing").

      **B.**      **Indirect Method**

To survive summary judgment on an age discrimination claim under the indirect method of proof, Anderson must show that: (1) she is a member of the protected class; (2) she was meeting Jewel's legitimate job expectations; (3) she suffered an adverse employment action; and (4) Jewel treated similarly situated employees outside of her protected class more favorably. *See Naik v. Boehringer Ingelheim Pharm., Inc.,* 627 F.3d 596, 599-600 (7th Cir. 2010). If Anderson establishes all four of these prima facie elements, the burden then shifts to Jewel to offer a legitimate, nondiscriminatory reason for terminating Anderson's employment. *See id.* at 600; *Martino v. MCI Comm'cn Servs., Inc.,* 574 F.3d 447, 453 (7th Cir. 2009). If Jewel meets this burden, Anderson must then demonstrate that Jewel's proffered reason is pretext for discrimination. *See Naik,* 627 F.3d at 600; *Martino,* 574 F.3d at 453.

The parties do not dispute that Anderson is over the age of 40 and that her termination

was an adverse employment action – the first and third elements of a prima facie age discrimination claim. The Court therefore turns to whether Anderson was meeting Jewel's legitimate job expectations and if Jewel treated similarly situated employees outside of her protected class more favorably.

### 1. Legitimate Job Expectations

The relevant inquiry under this prima facie element is whether Anderson was performing well enough to meet Jewel's legitimate job expectations at the time of her termination. *See Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 635 (7th Cir. 2009). In response to Jewel's summary judgment motion, Anderson argues that she received "above expectations" reviews every year. (*See* Pl.'s Stmt. Facts ¶ 3.) Anderson's yearly reviews, however, are not relevant to whether she was meeting Jewel's legitimate job expectations in May 2008 when she violated the coding and food handling policies. *See Weber v. Universities Research Ass'n, Inc.,* 621 F.3d 589, 594 (7th Cir. 2010) ("plaintiff bears the burden of showing that she was meeting her employer's expectations *at the time* of the adverse action") (emphasis in original). Indeed, viewing Anderson's job performance through the eyes of her supervisors at the time of her termination, Anderson has not presented evidence raising a genuine dispute as to any material fact that she was meeting Jewel's legitimate job expectations because she violated the food handling and coding policies in May 2008, *see Gates v. Caterpillar, Inc.,* 513 F.3d 680, 689 (7th Cir. 2008), especially in light of her admissions that she refroze the brownies and that she was trained to throw away brownies that did not sell after three days. (Def.'s Stmt. Facts ¶¶ 24, 41.)

Jewel's decision to terminate Anderson's employment may not have been the best business decision, but federal courts do not sit as super-personnel departments with the authority

to review employer's business decisions – good or bad. *See Silverman v. Board of Educ. of City of Chicago,* 637 F.3d 729, 738 (7th Cir. 2011). As the Seventh Circuit has repeatedly explained, "when an employer articulates a plausible, legal reason for discharging the plaintiff, 'it is not our province to decide whether that reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for the plaintiff's termination.'" *Id.* (citation omitted). Because Anderson has not presented sufficient evidence raising a genuine dispute as to material facts that she met Jewel's legitimate job expectations at the time of her termination, she has failed to establish the second prima facie element under the indirect method of proof.

### 2. Similarly Situated Comparator

Even if Anderson had set forth evidence raising a genuine dispute as to material facts that she met Jewel's job expectations, she has failed to present sufficient evidence that Jewel treated a similarly situated employee more favorably under the fourth prima facie element. "Similarly situated employees must be 'directly comparable to the plaintiff in all material respects, which includes showing that the coworkers engaged in comparable rule or policy violations.'" *Naik,* 627 F.3d at 600 (citation omitted). Again, Anderson identifies Wilde, the former Bake Shop Manager at the Eola store, as a similarly situated comparator. To establish the similarly situated element for purposes of the ADEA, Anderson has the burden of showing that Wilde is "substantially younger." *See Nagle,* 554 F.3d at 1118. To clarify, in the case of a younger employee comparator who falls above the age of 40, such as the Wilde, the age difference must be ten years or more to be presumptively substantial. *See Martino,* 574 F.3d at 454; *Tubergen v. St. Vincent Hosp.,* 517 F.3d 470, 475 n.4 (7th Cir. 2008). Here, Wilde is eight years younger than Anderson, thus Anderson has not met the threshold requirement that Wilde was

11

substantially younger under controlling Seventh Circuit case law. *See Nagle,* 554 F.3d at 1118; *Tubergen,* 517 F.3d at 475. Meanwhile, the woman who replaced Anderson as the Bake Shop Manager at the Eola store is seven years younger than Anderson. *See O'Connor v. Consol. Coin Caterers Corp.,* 517 U.S. 308, 313, 116 S.Ct. 1307, 134 L.Ed.2d 433 (1996) (substantially younger replacement is a "reliable indicator of age discrimination"). Accordingly, Anderson has not presented sufficient evidence raising a genuine dispute as to any material fact that Jewel treated a similarly situated employee more favorably because there is no evidence in the record of a substantially younger comparator. Therefore, the Court grants Defendant's summary judgment motion as to Anderson's ADEA claim.

## III.     Causation

On a final note, Jewel's argument that Anderson must establish that her age was the "but-for" cause for her termination is misplaced. To clarify, under Seventh Circuit case law, at summary judgment a plaintiff need only present evidence "from which a reasonable jury could find causation; no more is necessary at this stage." *Fairley v. Andrews,* 578 F.3d 518, 526 (7th Cir. 2009); *see also McDonough v. City of Chicago,* 743 F.Supp.2d 961, 974 (N.D. Ill. 2010) ("at the summary judgment stage, the plaintiff simply must show that there is evidence from which a reasonable jury could find causation").

## CONCLUSION

For the these reasons, the Court grants Defendant's motion for summary judgment brought pursuant to Federal Rule of Civil Procedure 56(b).

**Date:** August 5, 2011

                                               **ENTERED**

                                        **AMY J. ST. EVE**
                                        **United States District Court Judge**